**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**CLOVIS WITT**                                                                 **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 3:05CV426BN**

**COMMISSIONER OF MDOC, ET AL**                                       **DEFENDANTS**

---

## MEMORANDUM OPINION AND ORDER

THIS CAUSE CAME before the undersigned United States Magistrate Judge for an omnibus hearing on the 7th day of February, 2006, conducted at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by John C. Clay, Attorney General's Office. At the hearing, the parties executed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge, and on February16, 2006, United States District Judge William H. Barbour, Jr. entered an Order referring this matter to the undersigned for all further proceedings in accordance with 28 U.S.C. 636(c), FED. R. CIV. P. 73 and the parties' consent.

The hearing was conducted in part to ascertain whether or not the Plaintiff's claims were supported by a factual or legal basis as to establish a constitutional violation by these Defendants. The Court has carefully considered the testimony of the Plaintiff and has reviewed his complaint. Applying the appropriate law, the Court concludes that the Plaintiff's claims attack his conviction and sentence and must be considered as a petition for writ of habeas corpus. In the opinion of the Court, his claims may have merit, but 42 U.S.C. Section 1983 is not the appropriate vehicle under which his challenge should be made.

The Plaintiff testified that he was sentenced for armed robbery on April 17, 1996, to a twenty five year sentence in the Montgomery County Circuit Court.  He plead guilty to the crime with the understanding that he would be eligible for parole after serving the mandatory ten years armed robbery convicts are required to serve under M ISS. CODE ANN. Section 97-9-3.  The Mississippi Department of Corrections has interpreted his sentence as a full twenty five year mandatory sentence and does not allow him meritorious earned time or parole eligibility.

Initially, this Court must decide whether the Plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.  Section 1983 is an appropriate legal vehicle to attack **unconstitutional prison procedures or conditions of confinement**.  Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing  Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)).  The Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)).  If the Plaintiff's claims are proven and this Court grants the requested relief, it could result in the plaintiff receiving an early release from custody.  The Plaintiff must first pursue his request for his release from custody by filing a petition for habeas corpus relief.

The Plaintiff testified that he has filed a petition for habeas corpus relief in the Northern District of Mississippi, challenging his conviction for armed robbery.   In his Section 1983 complaint, the Plaintiff states that he is not attacking his conviction or sentence herein but "only the legal and constitutional application of calculating his sentence."  p. 6, Plaintiff's "Answer to Magistrate's Order and Instructions."  In his request for relief, the Plaintiff asks for the filing fees in this matter, "any and all legal fees which may be incurred by this matter be imposed on the

defendants AND that my sentence be corrected by the defendants where they have misapplied the law to me." In the Court's opinion, he is attacking his conviction, albeit his claims to the contrary.

Any claim for monetary damages, including costs and attorneys fees, is barred by the United States Supreme Court's ruling in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In <u>Heck</u>, the court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 2372 (footnotes omitted); <u>see also</u> <u>Boyd v. Biggers</u>, 31 F.3d 279, 284-85 (5th Cir. 1994). A judgment in favor of the Plaintiff in this action would necessarily imply the invalidity of his conviction or sentence.

As quoted from <u>Heck</u>, the Supreme Court held that no cause of action exists under § 1983 when judgment for a plaintiff would "necessarily imply" that his conviction or sentence was invalid, unless the conviction or sentence has already been invalidated. 512 U.S. at 486-87. To demonstrate that his conviction or sentence has already been invalidated, the plaintiff may show that it has been

3

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the issuance of a writ of habeas corpus.  *Id*.  In the absence of one of these events, there is no cause of action, even if the plaintiff has unsuccessfully exhausted his state remedies.  *Id*. at 489.

The Plaintiff is attacking his conviction in this case, a twenty five year mandatory sentence. He has filed a petition for writ of habeas corpus in the Northern District, and that Court will consider the Plaintiff's contentions.  The instant case must be dismissed due to his failure to state a claim upon which relief can be granted.

As discussed above, the Plaintiff's claim for early release from custody is habeas in nature and not properly pursued under 42 U.S.C. § 1983.      Under the case of Cay v. Estelle 789 F.2d 318 (5th Cir. 1986), as modified by Neitzke v. Williams , 490 U.S. 319 (1989) and    Denton v. Hernandez, 504 U.S. 25 (1992), the claims of the Plaintiff must have an arguable basis in law or fact; otherwise, dismissal under 28 U.S.C. § 1915 is appropriate.  Considering the law regarding these issues, the Court finds that the Plaintiff's claims in this case have no basis either in law or in fact and, therefore, are frivolous[1] and fail to state a claim on which relief may be granted.  For these reasons, the Complaint will be dismissed with prejudice, Final Judgment will be entered for the Defendants, and this action will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

---

[1]"Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense.  *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

4

IT IS, THEREFORE, ORDERED that this action be dismissed with prejudice.  A separate judgment to that effect will be entered in accordance with Fed. R. Civ. P. 58.

IT IS SO ORDERED, this the 17th day of February, 2006.


S/ Alfred G. Nicols, Jr.
UNITED STATES MAGISTRATE JUDGE